IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LINDA M. WINDSOR, personal representative of Estates of Michelle Jean Windsor-Rutledge, Ryan Rutledge, Katherine Rutledge; and ALLEN L. RUTLEDGE, personal representative of Estate of Gary Rutledge,<br><br>Plaintiffs,<br>v.<br><br>JESSE CARL ROSS, an individual; DUCKS UNLIMITED, INC., a foreign nonprofit corporation; and USAA GENERAL INDEMNITY COMPANY, INC., an insurance company operating in Oregon,<br><br>Defendants. | Case No.: 3:25-cv-01922-AN<br><br>OPINION AND ORDER |

Plaintiffs Linda M. Windsor and Allen L. Rutledge, as personal representatives of various individuals' estates, bring this wrongful death action against defendants Jesse Carl Ross; Ducks Unlimited, Inc. ("Ducks Unlimited"); and USAA General Indemnity Company, Inc. ("USAA"). Pending before the Court are three motions: (1) plaintiffs' motion to remand this case back to state court; (2) USAA's motion for joinder in plaintiffs' motion to remand; and (3) Ducks Unlimited's motion to sever and remand USAA. The motions are fully briefed, and the Court finds that oral argument will not assist it in resolving this matter. *See* Local R. 7-1(d). For the reasons described below, plaintiffs' motion to remand is GRANTED, USAA's motion for joinder is GRANTED, and Ducks Unlimited's motion to sever and remand USAA is DENIED. Accordingly, this case is remanded to Multnomah County Circuit Court for further proceedings.

## LEGAL STANDARD

Removal is proper where the federal court would have had subject matter jurisdiction over the case if the plaintiff had originally filed it in federal court. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing 28 U.S.C. § 1441(a)). One basis of original subject matter jurisdiction—the only basis

relevant here—is diversity jurisdiction under 28 U.S.C. § 1332, which provides that federal courts have jurisdiction over civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants, i.e., where "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (italics in original). "It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris, USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up).

"A court will remand a removed action if the removal was procedurally defective," including "violation of the unanimity rule." *Gregg v. Thurman*, 3:23-cv-01801-AN, 2024 WL 3106773, at *1 (D. Or. June 21, 2024); *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010); *see* § 1447(c). Under 28 U.S.C. § 1446(b)(2)(A), the unanimity rule requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244; *see also Gaus*, 980 F.2d at 566. Ultimately, "[a] defendant seeking removal has the burden to establish that removal is proper[,] and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *see also Hunter*, 582 F.3d at 1042 ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). Indeed, "removal statutes are strictly construed against removal." *Luther*, 533 F.3d 1031 at 1034 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

A motion to remand is the proper procedure for a plaintiff seeking to challenge removal. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand for a procedural defect must be made within 30 days after the notice of removal filing. 28 U.S.C. § 1447(c).

## BACKGROUND

Plaintiffs allege the following facts. In October 2023, defendant Ross drove over the center line of

a highway and caused a head-on collision with another vehicle, resulting in the death of all four of its occupants. Compl., ECF 1-1, ¶¶ 13, 15-16. At the time, Ross was driving to a meeting with his employer, defendant Ducks Unlimited. *Id.* ¶ 9. Following the collision, plaintiffs, as representatives of the four decedents' estates, sought but did not obtain underinsured motorist benefits from defendant USAA. *Id.* ¶¶ 36-39. Plaintiffs thus ultimately filed this action against defendants Ross, Ducks Unlimited, and USAA. *See id.*

Plaintiffs initially filed this action in Multnomah County Circuit Court on October 9, 2025, and served Ducks Unlimited a copy of the complaint on the same day. Notice of Removal, ECF 1, ¶¶ 1-2 & Ex. A; Decl. of Cici Ebersole, ECF 2, ¶ 5. Ducks Unlimited removed the action to federal court on October 17, 2025. *See generally* Notice of Removal. At the time of removal, the state court docket did not yet reflect proofs of service upon defendants USAA or Ross. Notice of Removal, ECF 15, Ex. B, at 1. By October 21, 2025, the state court docket reflected the proofs of service upon defendants USAA and Ross. Suppl. to Notice of Removal, ECF 15, ¶ 3. The proofs of service indicate that USAA was served on October 9, 2025, and Ross was served on October 16, 2025. *Id.* Ross subsequently consented to removal. Ross Consent to Removal, ECF 17-1. USAA did not. USAA Notice of No Consent, ECF 16.

On November 17, 2025, plaintiffs moved to remand the case to state court. Pls. Mot. to Remand, ECF 19. USAA later moved to join plaintiffs' motion. USAA Mot. for Joinder, ECF 28. Ducks Unlimited responded in opposition to plaintiffs' motion and USAA's joinder. Ducks Unlimited Resp., ECF 29. Additionally, Ducks Unlimited moved to sever and remand USAA only. Ducks Unlimited Mot. to Sever & Remand, ECF 26. Plaintiffs responded in opposition to Ducks Unlimited's motion, Pls. Resp., ECF 32, and filed a reply in support of their motion to remand, Pls. Reply, ECF 36. Ducks Unlimited filed a reply in support of its motion to sever and remand. Ducks Unlimited Reply, ECF 38. Subsequently, Ross filed a response in opposition to plaintiffs' motion to remand. Ross Resp., ECF 43.

## DISCUSSION

Defendant USAA seeks to join in the plaintiffs' motion for remand. *See* USAA Mot. for Joinder, ECF 28. The motion for joinder is granted, and the Court will treat the motion for remand as if it had been

brought by plaintiffs and defendant USAA. USAA will be bound by the Court's ruling as set forth below.

Plaintiffs and defendants raise numerous arguments for their respective positions. The Court need only address one to conclude that remand is required—that defendant Ducks Unlimited neither obtained the consent of defendant USAA, nor sufficiently explained their absence of consent in the notice of removal.

"Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (superseded by statute on other grounds). Here, the removing defendant—Ducks Unlimited—bears the burden to affirmatively justify removal and defendant USAA's absence of consent.

"Conflicting authority exists regarding the extent of a removing defendant's duty to ascertain whether co-defendants have been served at the time the notice of removal is filed. However, many courts require the consent of served co-defendants, regardless of the filing of proofs of service, and they find that diligence is lacking when removing defendants merely check the state court record for proofs of service as to co-defendants." *Lewis v. HSBC Bank USA, N.A.*, 17-00234 DKW-KSC, 2017 WL 3671279, at *3 (D. Haw. Aug. 25, 2017), *report and recommendation adopted*, 2017 WL 4019416 (D. Haw. Sept. 12, 2017); *see, e.g., id.* at *3-4 (collecting cases). "[W]hile there is some disagreement, it appears that most courts facing the issue have held that the rule of unanimity must be satisfied regardless of whether proof of service has been filed as to non-consenting defendants." *New CFH, LLC v. Horizon Gen. Contractors, Inc.*, 1:22-CV-181-SA-DAS, 2023 WL 4235535, at *5 (N.D. Miss. June 28, 2023). Moreover, a faithful, textual reading of the statute reflects the requirement that the consent of "all defendants who have been properly joined and served" is required, not only those defendants whose proof of service is on file. *See Doe v. McGuire*, 289 F. Supp. 3d 266, 271 (D. Mass. 2018) (quoting 28 U.S.C. § 1446(b)(2)(A)).

The parties do not dispute that defendant USAA did not and will not consent to removal. *See* USAA Notice of No Consent, ECF 16. In its notice of removal, Ducks Unlimited alleges USAA's consent

was not required because on the day of removal, Ducks Unlimited looked up the Multnomah County Circuit Court docket, which did not reflect service to defendant USAA. *See* Notice of Removal, ECF 1, ¶ 24, Ex. B. Ducks Unlimited therefore contends USAA was not a "properly joined and served" party. *Id.* However, proof of service on USAA reflects service on October 9, 2025 and filing on the Multnomah County Circuit Court docket on October 16, 2025. Decl. of Kevin Flannery, ECF 20, Ex. M; *see* Suppl. to Notice of Removal, ECF 15, ¶ 3. The question for the Court is thus whether Ducks Unlimited performed reasonable diligence sufficient to excuse not obtaining USAA's consent to removal, despite proper service. Like many courts that have considered the issue, the Court finds that more is required than simply checking the state court docket. A higher diligence threshold is consistent with "the principle that removal under § 1441 is 'strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court.'" *County of Multnomah v. Exxon Mobil Corp.*, 3:23-cv-01213-YY, 2024 WL 1991554, at *8 (D. Or. April 10, 2024) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006)). Moreover, any "ambiguity" or confusion in the removal procedure must be resolved "in favor of remand to state court." *Hunter*, 582 F.3d at 1042. These principles especially support finding a lack of diligence here, where Ducks Unlimited had clear notice the state court docket was not accurate. At the time of Ducks Unlimited's search, the Multnomah County Circuit Court docket stated that none of the defendants, including Ducks Unlimited, had been served. *See* Notice of Removal, ECF 1, Ex. B, at 1. Ducks Unlimited acknowledges it received service on October 9, 2025. *Id.*, ECF 1, ¶ 2; *see* Ebersole Decl., ¶ 5. At minimum, Ducks Unlimited knew the state court docket was not up to date. In a time of modern technology, reasonable diligence cannot include a defendant relying on a docket it knew was incorrect without any attempt to contact the other parties or to verify the status of service with the court. Defendant Ducks Unlimited thus failed to perform reasonable diligence in obtaining defendant USAA's consent, rendering the removal procedure defective. Remand is thus required.

To the extent that the parties dispute this Court's subject matter jurisdiction and defendant Ducks Unlimited alleges defendant USAA was improperly or fraudulently joined, those arguments need not be addressed here as only the question of timely service was raised in the removal notice. *See* Notice of

Removal, ECF 1, ¶ 24. Defective removal procedure necessitates remand without having to address the Court's subject-matter jurisdiction.[1]

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to remand is GRANTED, USAA's motion for joinder is GRANTED, and Ducks Unlimited's motion to sever and remand USAA is DENIED. The Court respectfully directs the Clerk of Court to remand this case to Multnomah County Circuit Court.

IT IS SO ORDERED.

DATED this 28th day of September, 2026.

Adrienne E Nelson

Adrienne Nelson
United States District Judge

[1] Additionally, the Court declines to extend the doctrine of fraudulent joinder or fraudulent misjoinder to disregard the unanimity rule. In the cases cited by Ducks Unlimited, (and indeed in any case the Court was able to locate), courts applied the doctrines of fraudulent joinder and fraudulent misjoinder to disregard or sever non-diverse parties in diversity jurisdiction analyses. *See, e.g. Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008) ("The Ninth Circuit recognizes one exception to [t]he requirement of complete diversity—where a non-diverse defendant has been 'fraudulently joined.'" (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)); *Smith v. Guardian Life Ins. Co. of America*, No. Civ. 01-17-KI, 2001 WL 34728881, at *1 (D. Or. Mar. 5, 2001) (evaluating claim that defendants were "fraudulently joined in an effort to defeat diversity jurisdiction"); *In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, 4:23-cv-00547-YGR, 2024 WL 5657779, at *2 (N.D. Cal. July 8, 2024) (defining fraudulent misjoinder as "where the plaintiff 'attempt[s] to defeat diversity jurisdiction by fraudulent joinder'"). Here, the citizenship of USAA is not at issue. *See* Notice of Removal, ECF 1, ¶ 8 (acknowledging USAA as a diverse party).